LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-01979 BRO** | Date | May 6, 2015 |
|---|---|---|---|
| Title | **IN RE: WILLIAM ROBERT NORRIE** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

## ORDER TO SHOW CAUSE RE: BANKRUPTCY APPEAL AND APPELLEE'S MOTION TO DISMISS

Pending before the Court is Appellee Brad D. Krasnoff's Motion to Dismiss Appellant's bankruptcy appeal. (Dkt. No. 9.) The matter is currently set for a hearing on May 11, 2015. On April 28, 2015, Appellant filed a notice acknowledging that its opposition to Appellee's motion was due on April 20, 2015, and indicating that the opposition papers would be filed by no later than Wednesday, April 29, 2015. (Dkt. No. 14.) As of this date, Appellant has not opposed the motion.

Appellant has also failed to timely prosecute this appeal. Within fourteen (14) days after filing the notice of appeal, an appellant must file a statement of the issues on appeal and the notice re: ordering of the reporter's transcript or waiver thereof with the Clerk of the District Court. *See* Bankruptcy Rule 8006. Within thirty (30) days after the filing of the statement, an appellant must file the reporter's transcript, if required, with the Clerk of the District Court. Within fifteen (15) days of the filing of the transcript or the notice that a transcript is not needed, an appellant must file and serve the appeal brief and excerpts of record. *See* Bankruptcy Rule 8009(a)(2). Additionally, Bankruptcy Rule 8002(a) requires that an appellant file notice of the appeal with the Clerk of the Bankruptcy Court within fourteen (14) days of the date of entry of the Order, Judgment or Decree from which the appeal is taken. Failure to timely file the notice deprives the Court of jurisdiction. *In the Matter of Ramsey*, 612 F.2d 1220, 1222 (9th Cir. 1980).

Pursuant to the Court's Local Rule 7-12, failure to file an opposition "may be deemed consent to the granting . . . of the motion." C.D. Cal. L.R. 7-12. Additionally,

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-01979 BRO | Date | May 6, 2015 |
|---|---|---|---|
| Title | IN RE: WILLIAM ROBERT NORRIE | | |

the failure to file an opening brief may result in an appeal's dismissal for failure to prosecute. *See Hall v. Whitley*, 935 F.2d 164, 165 (9th Cir. 1991) ("Litigants should be aware that failure to provide transcripts or other required materials may well result in dismissal of the appeal or other sanctions.").

Accordingly, Appellant is hereby **ORDERED TO SHOW CAUSE** as to why Appellee's Motion to Dismiss should not be granted. **The hearing on Appellee's Motion to Dismiss is continued to Monday, June 8, 2015, at 1:30 p.m. Appellant's response to this order and Appellant's opposition to the pending Motion to Dismiss, if any, shall be filed by no later than Wednesday, May 13, 2015, at 5:00 p.m.**

Appellant is also **ORDERED TO SHOW CAUSE** as to why this appeal should not be dismissed for lack of prosecution. Appellant has failed to file (1) the statement of issues on appeal; (2) the notice re: reporter's transcript; and (3) the opening appeal brief. Appellant's response to this order **shall be filed by no later than Wednesday, May 27, 2015, at 5:00 p.m. If the required documents are filed by this date, no further response to this portion of the order is required.**

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |